UNITED STATES of America,
Appellee,

v.

Gesner DELVA, Reginald Fleurimont,
Joseph A. Jeune, Fenol Bernadel,
Defendants,

Alix Hyppolite, Defendant–Appellant.

No. 06–5783–cr.

United States Court of Appeals,
Second Circuit.

June 24, 2008.

Robin C. Smith, Brooklyn, NY, for Defendant–Appellant.

Scott B. Klugman, Assistant United States Attorney (Emily Berger, Mary K. Barr, Assistant United States Attorneys, of counsel; Benton J. Campbell, United States Attorney, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI, Circuit Judges, and Hon. WILLIAM K. SESSIONS III,* District Judge.

**SUMMARY ORDER**

Defendant–Appellant Alix Hyppolite appeals from a judgment of the United States District Court for the Eastern District of New York (Nicholas Tsoucalas, *Judge*) entered on December 14, 2006, con-

* The Honorable William K. Sessions III, Chief Judge, United States District Court for the    District of Vermont, sitting by designation.

victing him, after a jury trial, of (1) one count of conspiring to import five kilograms or more of cocaine into the United States, in violation of 21 U.S.C. §§ 952(a); 960(a)(1); 960(b)(1)(B)(ii); 963; (2) one count of conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1); 841(b)(1)(A)(ii)(II); and 846; (3) one count of importing five kilograms or more of cocaine on November 22, 2002, and (4) one count of doing so on December 11, 2003, both in violation of 21 U.S.C. §§ 952(a); 960(a)(1); 960(b)(1)(B)(ii); (5) one count of failing to file a currency transaction report, in violation of 31 U.S.C. §§ 5316(a)(1)(A); 5316(b); 5322(a); (6) one count of making a false statement, in violation of 18 U.S.C. § 1001(a)(2); and (7) one count of failing to appear, in violation of 18 U.S.C. §§ 3146(a)(1); 3146(b)(1)(A)(ii), and sentencing him principally to 290 months' imprisonment.

On appeal, Hyppolite challenges only his convictions on counts one through four, arguing that there was insufficient evidence to support the jury's verdict that he was guilty of the cocaine charges. We assume the parties' familiarity with the balance of the facts, procedural history, and issues on appeal. For the reasons that follow, we affirm the judgment of the District Court.

A defendant challenging the sufficiency of the evidence that was the basis of his conviction at trial "bears a heavy burden." *United States v. Parkes*, 497 F.3d 220, 225 (2d Cir.2007) (internal quotation marks omitted), *cert. denied*, —— U.S. ——, 128 S.Ct. 1320, 170 L.Ed.2d 133 (2008). On such a challenge, "we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility."

*Id.* We will sustain the jury's verdict "so long as '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). We note that "our sufficiency of the evidence test must consider the Government's case in its totality rather than in its parts, and may be satisfied by circumstantial evidence alone." *United States v. Wexler*, 522 F.3d 194, 207 (2d Cir.2008) (citations omitted). We further "note that '[i]n cases of conspiracy, deference to the jury's findings is especially important ... because a conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court with the precision of a surgeon's scalpel.'" *Id.* (quoting *United States v. Morgan*, 385 F.3d 196, 204 (2d Cir.2004)).

■ Hyppolite points to four areas of the testimony of Jean Gardy Bapteau and Maitre Milot to argue that no rational jury could have believed these government witnesses and, absent their testimony, the evidence was insufficient to prove the four cocaine charges of which he was convicted. Specifically, Hyppolite argues that Bapteau did not discuss Hyppolite at his multiple proffer sessions and Bapteau could not have met Hyppolite in New York in 2001, as he testified. As for Milot, Hyppolite argues that Milot's description of his agreement with Hyppolite lacked essential details, such as how much Milot's share would be, and conflicted with Bapteau's account, rendering his testimony wholly unreliable. Hyppolite also points out that Milot testified that he sold cocaine for Hyppolite, Bapteau, and others, and yet at his own plea proceeding Milot said he sold drugs for only one person.

Hyppolite's challenge must fail because it amounts only to a challenge to the credibility of the government's cooperating wit-

nesses. "[I]t is well-settled that when reviewing the sufficiency of the evidence we defer to the jury's assessment of witness credibility and the jury's resolution of conflicting testimony. Consequently, even though … the Government witnesses … had pled guilty to large-scale drug dealing and testified pursuant to cooperation agreements with the Government and even though their testimony was pock-marked with inconsistencies, at this stage we credit what they said." *United States v. Glenn*, 312 F.3d 58, 64 (2d Cir.2002) (citations and internal quotation marks omitted).

"[T]he proper place for a challenge to a witness's credibility is in cross-examination and in subsequent argument to the jury, not in an appellate brief." *United States v. Roman*, 870 F.2d 65, 71 (2d Cir.) (internal quotation marks omitted), *cert. denied*, 490 U.S. 1109, 109 S.Ct. 3164, 104 L.Ed.2d 1026 (1989). Indeed, many of the areas now cited by Hyppolite were fully explored before the jury. Bapteau's failure to discuss Hyppolite at his proffer sessions was the subject of extensive cross-examination. As for the year when Bapteau met Hyppolite in New York, on cross-examination, Bapteau clarified that it was 1999 or 2000 and that they met in 2001 in Haiti to discuss drug trafficking. Bapteau's testimony taken as a whole does not conflict with the fact that Hyppolite had fled New York as of June 1999. Milot was cross-examined with respect to the inconsistency between his plea allocution and his testimony regarding the number of individuals for whom he sold cocaine. Hyppolite, properly, argued such inconsistencies to the jury in summation.

The resolution of these inconsistencies as well as the discrepancy between Milot's description of the financial arrangements and Bapteau's was a matter entirely within the province of the jury. Moreover, after reviewing the evidence against Hyp-

polite in its totality and in the light most favorable to the government, we find that it was sufficient to support his conviction on the four cocaine counts.

We have considered all of Hyppolite's arguments and find them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.